[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned matter came before the court at the special proceedings calendar upon an order to show cause why a mechanic's lien should not be discharged as invalid.
The movant, Z. Eleven St. Johns Street, L.L.C., alleges that the respondent, Norma Farinha, has filed a mechanic's lien on its real property and that the lien is defective for three reasons.
 1. The lien does not contain an adequate description of the property liened.
 2. The lien is ineffective because it was filed more than six months after the respondent ceased to furnish services.
 3. The respondent appropriated property of the movant worth in excess of the amount of the lien.
The court finds that abode service of the application to discharge the mechanic's lien was made on October 23, 1996, and that the respondent failed to appear at the specified place and time to be heard on the application.
Connecticut General Statutes § 49-34 requires that a mechanic's lien be filed within ninety days of performing services or furnishing materials and that the lien "describ[e] CT Page 10003 the premises."
The lien document at issue recites that the work was commenced on June 30, 1995 and ended on December 6, 1996. The date of the filing of the lien is identified as May 28, 1996. At the space on the lien document for the identification of the premises to which the lien appears, the respondent has indicated that the property is recorded in the name of Z. Eleven St. Johns Street LLC in the land record of the Town of North Haven in Volume 476, page 281. Where the form leaves space to set forth a property description, that respondent has written "please see Exhibit A attached hereto." That attachment is a deed in which the property conveyed is not identified by street address but only by reference to an "Exhibit A." The respondent failed to attach that Exhibit A to the lien document, and the property is therefore not described by address or metes and bounds but only by reference to the volume and page where it is recorded.
On the face of the lien, the ninety day time limit has not been met and the lien is invalid. It is not necessary for the court to determine the movant's alternate claims of invalidity.
The application to discharge the lien at issue is granted.
Beverly J. Hodgson Judge of the Superior Court CT Page 10004